Swanajani DHARMAWAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73074.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

Robert G. Ryan, Law Offices of Eugene C. Wong, P.C., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Anthony C. Payne, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Swanajani Dharmawan, a native and citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's denial of withholding of removal. We have jurisdiction pur-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

suant to 8 U.S.C. § 1252(a). We review the BIA's decision under the substantial evidence standard and must uphold that decision unless the evidence compels a reasonable factfinder to reach a contrary result. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). We deny the petition.

To qualify for withholding of removal, Dharmawan must establish that it is more probable than not that she will suffer persecution if she returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 937 (9th Cir.2004). Persecution is "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (internal quotation marks and citation omitted). It "is an extreme concept that does not include every sort of treatment our society regards as offensive. Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution.'" *Id.* (internal quotation marks and citation omitted).

Dharmawan testified that she was subjected to verbal harassment, unwanted physical touching, and several episodes of discrimination on account of her Chinese ethnicity. There is substantial evidence to support the BIA's determination that these incidents are not so severe as to constitute past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (substantial evidence supported an IJ's finding that a Pentecostal Christian had not been persecuted where the petitioner was fired from her job and repeatedly "teased, bothered, discriminated against and harassed" because of her beliefs).

The incidents of harassment and discrimination about which Dharmawan testified-even when evaluated in conjunction with her documentary evidence of generalized discriminatory practices in In-

donesia-do not compel a finding that Dharmawan more probably than not will be subject to persecution upon the basis of her Chinese ethnicity or Christian faith. Dharmawan's claim is further undermined by the fact that her family continues to reside in Indonesia without incident. *See Hakeem,* 273 F.3d at 816.

Pursuant to *Desta v. Ashcroft,* Dharmawan's motion for stay of removal included a timely request for stay of voluntary departure. 365 F.3d 741 (9th Cir.2004). Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

